*Handwritten annotation by Judge:*

> Application for a stay without temporal limitation is DENIED. May 12 conference is adjourned until June 17, 2021 at 11:30am. Time to answer and all other actions on this case stayed to a date to be fixed at the next conference.
>
> SO ORDERED
> [signature] USDJ
> 4-13-21

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Susan P. Scharfstein**
*Special Federal Litigation Division*
212-356-2355
sscharfs@law.nyc.gov

April 7, 2021

Honorable P. Kevin Castel *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Villalobos, et al. v. Smith, et al.</u>, 20 CV 9736 (PKC)

Dear Judge Castel:

I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action alleging, <u>inter alia</u>, violation of plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. I write to request that the Court stay this matter pending the outcome of the internal investigation into the underlying incident by the New York City Department of Correction ("DOC"), which I have been informed by DOC is presently unresolved, and allow defendant to provide a status report to the Court within 60 days of the current date for the response to the complaint, which is April 16, 2021.[1] Defendant notes, in keeping with Your Honor's Individual Practices, that the initial conference is now set for May 12, 2021, at 2:00 p.m.

**A.   Background and Procedural History of This Application**

Plaintiff Jorge Villalobos filed this action on November 19, 2020, alleging that his federal and state rights had been violated by New York City correction officers on or about September 24, 2019, while he was working as a physician's assistant employed by the Physician Affiliate Group of New York, P.C., a professional corporation that has contracted to provide health care services to inmates in DOC custody. According to the complaint, on that date, plaintiff was accosted and kidnapped in a clinic by an inmate at a Rikers Island correctional facility. He alleges that he was held against his will and threatened by the inmate in a locked

---

[1] Plaintiffs' counsel has advised me that she does not consent to this request. In a message of April 6, 2021, counsel indicated that she "believe[s] that the investigation should not serve as a cause for an indefinite blanket stay of the action, at this early stage of the proceeding—and to the extent there are certain materials or information that will not be immediately accessible to [defense counsel], they should be redacted accordingly or supplemented at a later time."

nursing station for approximately three hours until DOC staff deescalated the situation. Plaintiff contends that correction officers had disregarded his safety and created a risk of violence by failing appropriately to supervise and restrain the inmate. He alleges ongoing psychological injuries as a result of the encounter. His wife and co-plaintiff, Cindy Martinez, has asserted a claim for loss of consortium.

On December 15, 2020, defendant requested, on consent, an enlargement of time from the original due date of December 22, 2020, to April 28, 2021, within which to respond to the complaint. The initial conference had already been set for May 12, 2021, at 2:00 p.m. The Court granted the request in part, extending the response date to April 16, 2021. This office was aware at that time that there was an open DOC investigation, but indicated in the application for an enlargement that it was not believed that a request for a stay was necessary because, at that point, the investigation was anticipated to close in March of 2021. We have recently learned, however, that the internal investigation has not yet formally closed. Defendant City respectfully submits that a stay of this case is warranted because of the pending internal investigation, and that all matters should be held in abeyance during the pendency of the stay, including any responses to the complaint and the initial conference.

In the request for an enlargement, defendant also indicated that the reasons for the request were to conduct this office's investigation into the underlying facts by securing the investigatory and other records underlying the alleged incident, evaluating them vis-à-vis plaintiffs' allegations, and then conducting discussions with the many City employees who might have knowledge of the events so as to prepare an informed and meaningful response to the complaint, as well as to identify City employees who were witnesses to the alleged incident, and to address representational issues with regard to the four individual members of DOC who have been named as defendants. As noted in the December 15, 2020 letter, all of this would allow us to engage intelligently in a discussion regarding the topics specified by Rule 26(f) and to prepare meaningfully for the initial conference and discuss the matters contemplated by Rule 16 with the specifics of the case in mind. All of these considerations still hold true. This office has nevertheless been unable to accomplish these tasks because the internal investigation of the alleged incident has not yet closed.

**B.     Basis for This Application for a Stay**

Federal courts have inherent power and discretionary authority to stay a case where the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distribs. v. The New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. See, e.g. Kashi, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings ... when the interests of justice seem ... to require such action.") (internal quotation marks and citations omitted); Bristol v. Nassau County, 08 CV 3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, 01 CV 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003)); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal

proceedings."); Ortiz v. City of N.Y., 13 CV 7367 (LTS) (S.D.N.Y. May 30, 2014) (Docket Entries 17 & 20) (granting stay in light of open CCRB investigation). Defendant City believes that a stay is warranted where, as here, there is an open investigation of the facts and circumstances of the underlying incident.

For one thing, the parties will not have access to the investigation files, which are vital to the progress of this litigation, until the internal investigation has been resolved. Relevant investigatory materials and information generated during the incident – such as documents, interviews, and recordings – are protected from disclosure by the law enforcement privilege during the pendency of an investigation, which was created, inter alia, to "safeguard the privacy of individuals involved in an investigation and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. City of N.Y., 194 F.R.D 88, 93 (S.D.N.Y. 2000) (citing In re Dep't of Inv., 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). The effectiveness of the internal investigation of the incident depends in part on the ability of the investigators to proceed without interference. For example, should attorneys involved in this civil action contact witnesses, the investigators' ability to obtain unbiased statements and evidence may be jeopardized, such as by the communication of information received in discovery or by the suggestion of the attorneys, the plaintiff, or others working at their direction. Therefore, defendant City respectfully contends that any documents or other information pertaining to an active investigation should be protected from disclosure by the law enforcement privilege. Additionally, these records are likely protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Consequently, where either or both privileges apply, the parties to this action likely will not have access to vital information, including witness statements, until the investigation is resolved. This office also would not have access to potential witnesses and other evidence and would be unable properly to prepare its defense.

The Court should also stay the instant action because of the potential for a conflict of interest between this Office and the four correction officers who have been named in this matter based on their alleged personal involvement in the underlying incident. New York State law governs the representation of employees of the City of New York by this office. Specifically, New York General Municipal Law § 50-k(2) provides that this office shall, upon their request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to § 50-(k)(2), this office must first determine whether each individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id. As DOC is currently investigating the incident, the Law Department cannot make an informed determination as to whether it can represent any of the individually-named defendants, or any other officer or employee of DOC, in this action, until the investigation has closed. Thus, requiring the instant action to proceed before the conclusion of the pending investigation will jeopardize the representation of the individual defendants. Additionally, in the event that any disciplinary charges are brought against any officers involved in the alleged incident, any testimony produced by the officers in the instant civil case could potentially impact a disciplinary trial.

Moreover, best practices prevent this office even from communicating with any of the individual defendants until the investigation has closed, because, if any of them is found to have violated a procedure of DOC, a conflict of interest likely will arise. As defendant City is a municipality, it can communicate only through its agents. If this Office cannot communicate with officers who are believed to have been involved in the incident, the City cannot offer any version of the events, let alone prepare a meaningful defense of plaintiff's claims.

Finally, defendant City submits that a stay of this matter will not prejudice plaintiff. A stay does not mean that plaintiff's claims are lying dormant. On the contrary, we understand that investigation is ongoing and steps are being taken to preserve the evidence. The materials compiled for the purposes of the internal investigation will likely ultimately streamline and facilitate the discovery in the civil action. See, e.g., Felix v. City of N.Y., 16 CV 5845 (AJN), 2016 U.S. Dist. LEXIS 120000, at *4, 7 (S.D.N.Y. Sept. 6, 2016).

Many cases in this Circuit have been stayed for similar reasons while there are ongoing investigations into the underlying facts. See, e.g., Estate of Richards v. City of N.Y., 18 CV 11287 (PAE), DE # 8 & # 10 (S.D.N.Y. Jan. 22 & 29, 2019) (granting stay while NYPD Force Investigation Division investigation pending); Lloyd v. Castillo, 15 CV 8273 (RA) (DCF), DE # 31 (S.D.N.Y. Feb. 3, 2017 (granting stay where plaintiff had filed a CCRB investigation mid-way through the civil action and directing defense counsel to provide a status report in 90 days); Felix, 2016 U.S. Dist. LEXIS 120000, at *5-7 (staying action and directing counsel to provide status updates at 60-day intervals); Ortiz v. City of N.Y., 13 CV 7367 (LTS), Docket Entries (DE) # 17 & # 20 (S.D.N.Y. May 30, 2014) (granting stay in light of open CCRB investigation); Jones v. City of N.Y., 14 CV 2094 (ENV) (JMA), DE dated May 16, 2016 (E.D.N.Y. May 16, 2014) (same); Constantino v. City of N.Y., 13 CV 4175 (PKC) (LB), DE dated Nov. 27, 2013 (E.D.N.Y. Nov. 27, 2013 (same); Butler v. City of N.Y., 12 CV 3759 (JPO), Slip op. at 1 (S.D.N.Y. Sept. 7, 2012) (granting stay given open IAB investigation).

In conclusion, requiring this case to proceed at this time would create a potential for prejudice to the individual defendants and would prevent defendant City from preparing an effective defense of the claims. On the other hand, staying this matter until the resolution of the investigation would cause little, if any, prejudice to plaintiff. As a result of the foregoing, defendant City asks that the Court stay this action until after the resolution of the internal investigation, including the April 16, 2021 date for the response to the complaint and the May 12, 2021 initial conference, and grant leave for defendant to submit a status report within 60 days after the current April 16, 2021 due date for the response to the complaint.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc:   Jaehyun Oh, Esq. *(by ECF)*