UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JORGE VILLALOBOS and CINDY MARTINEZ,

                Plaintiffs,

                                                      20-cv-9736 (PKC)
   -against-

                                                   OPINION AND ORDER

CAPTAIN SMITH, CAPTAIN OLOGUN,
DEPUTY WARDEN SHARLISA WALKER,
OFFICER SMALL, and CITY OF NEW YORK,

                Defendants.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

         Defendants Oladapo Ologun and Sharlisa Walker move, pursuant to Local Rule 6.3, for reconsideration of this Court's May 16, 2022 Opinion and Order denying in part and granting in part the defendants' motions to dismiss. (Doc 53.) Specifically, they move for reconsideration of the May 16, 2022 Opinion and Order to the extent that it holds that the state claims against Ologun and Walker are not time-barred. For the reasons set forth below, the motion will be denied. Familiarity with the Court's prior decisions in this action is assumed.

         The standards for motions for reconsideration under Local Rule 6.3 and altering or amending a judgment under Rule 59(e), Fed. R. Civ. P, are "identical." Burke v. Solomon Acosta & FASCore/Great W. & MTA/NYC Transit Auth., 07 cv 9933 (PKC), 2009 WL 10696111, at *1 (S.D.N.Y. Apr. 23, 2009), *aff'd sub nom.* Burke v. Acosta, 377 Fed. App'x 52 (2d Cir. 2010) (citation omitted). Motions for reconsideration are held to strict standards, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration are not vehicles for the moving party to relitigate an issue the Court already decided. Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008); see also Shrader, 70 F.3d at 257.

In denying Walker and Ologun's motion to dismiss the plaintiffs' state law claims against them, the Court noted that the text of New York General Municipal Law § 50-i only discusses actions against "a city, county, town, village, fire district or school district," and does not discuss anywhere claims against individual employees, such as Walker and Ologun. (May 16, 2022 Opinion and Order at 20.) At the time the Court issued the May 16, 2022 Opinion and Order, neither party had provided any case law to support the idea that § 50-i and its statute of limitations also applied to suits against employees of a city despite the absence of any statutory language discussing such suits. (See Doc 39 at 22-23; Doc 44 at 23-25; Doc 45 at 10.) But in adjudicating the instant motion, the Court agrees that "[d]espite the statute's seemingly plain language, it applies not only to suits against municipal corporations but also to suits against 'officers, agents or employees' whose conduct has caused injury." Gonzalez v. City of New York, 94CIV.7377 (SHS), 1996 WL 227824, at *2 (S.D.N.Y. May 3, 1996) (brackets omitted) (citing De Gradi v. Coney Island Med. Grp., P.C., 172 A.D.2d 582, 583 (2d Dep't 1991) and Norr v. Spiegler, 72 A.D.2d 20, 22-23 (1st Dep't 1980)).

The Court now turns to the issue of whether the state law claims against Ologun and Walker, brought after more than one year and ninety days since September 24, 2019, should "relate back," pursuant to Rule 15(c), Fed. R. Civ. P., to when the action was first filed in November 19, 2020, within the deadline set forth under § 50-i. Although the Court did not rule on this issue, the issue was fully briefed at the time of the May 16, 2022 Opinion and Order.

"For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met."  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing Rule 15(c)(1)(C), Fed. R. Civ. P.).  First, "the claim must have arisen out of conduct set out in the original pleading."  Id.  Second, "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense."  Id.  Third, "that party should have known that, *but for a mistake of identity*, the original action would have been brought against it."  Id. (emphasis in original).  Fourth, "the second and third criteria [must be] fulfilled within [the ninety-day period provided by Rule 4(m) for serving the summons and complaint], and the original complaint [must have been] filed within the limitations period." Ceara v. Deacon, 916 F.3d 208, 211 (2d Cir. 2019) (alterations omitted) (quoting Hogan, 738 F.3d at 517).  In the briefing on both the motions to dismiss and the instant motion for reconsideration, the parties appear to only dispute the third condition of mistaken identity, but the Court will address each requirement in turn.

On August 25, 2021, Villalobos and Martinez amended the Complaint to change the names of, and references to two defendants: from "Captain Oghagbon" to "Captain Ologun" and from "Warden of GRVC" to "Deputy Warden Sharlisa Walker."  (Doc 31.)  The Court concludes that the first condition of Rule 15(c)(1)(C) is met, as the Amended Complaint's claims arise out of the same set of events as alleged in the original Complaint, filed on November 19, 2020, within the one-year-and-ninety-day statute of limitations under § 50-i.

The second condition regarding the lack of prejudice is satisfied for the same reason that Ologun and Walker may invoke § 50-i here: as Ologun and Walker themselves note, "[t]he rationale for the application of § 50-i to claims against City employees is that, where the individual employees are entitle to claim indemnification from the City, the City is the real party

3

in interest." (Doc 54 at 5.) See also Conte v. Cnty. of Nassau, N.Y., 596 Fed. App'x 1, 5 (2d Cir. 2014) (summary order) ("[I]f the municipality is required to indemnify the defendant . . . [it] is therefore 'the real party in interest.'" (quoting Ruggiero v. Phillips, 292 A.D.2d 41, 44 (2d Dep't 2002))). The City—the real party in interest—was sued on November 19, 2020, within the statute of limitations period set forth in § 50-i, and was timely served on November 20, 2020. (Doc 1, 11.) Here, Ologun and Walker are protected by the procedural requirements of § 50-i only because the City is the real party in interest, and it is undisputed that the City was timely sued and served. It would therefore be contradictory to conclude that Ologun and Walker were prejudiced by their failure to be named as defendants until the Amended Complaint was filed on August 25, 2021. As also relevant to the issue of potential prejudice, substantive motions practice did not begin until after the Amended Complaint was filed.[1]

The third condition—whether Ologun and Walker knew or should have known that the original action would have been brought against them, but for a mistake of identity—is also met. Significantly, Villalobos and Martinez did not amend their complaint to replace a John Doe defendant from their original complaint; "an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)."[2] Ceara, 916 F.3d at 213. Rather, the original complaint referred to Captain Ologun as "Captain Oghagbon" and "Deputy Warden Sharlisa Walker" as "Warden of GRVC," and also "contained details identifying [Ologun and Walker]"—such as specifics as to when, where and with whom Ologun and Walker were before and during the hostage crisis, as

---

[1] The Court also notes that the City, the real party in interest, successfully sought repeated enlargements of time to respond to the original complaint, first from December 22, 2020 to April 16, 2021 (Doc 20), and then to July 30, 2021 following the June 17, 2021 Initial Pre-Trial Conference. Following an August 17, 2021 case management conference, defendants filed a motion to dismiss the Amended Complaint on September 30, 2021.
[2] Ologun and Walker's citation to Moran v. Cnty. of Suffolk, No. 11 Civ. 3704(PKC)(GRB), 2015 WL 1321685 (S.D.N.Y. Mar. 24, 2015), is inapposite. Moran dealt with an amendment replacing a John Doe defendant. Here, Villalobos and Martinez knew that Ologun and Walker needed to be named and did so, with the wrong names.

well as their behavior and statements in Villalobos's presence. Id. As such, it was "clear from the first complaint to whom [plaintiffs were] referring, and it was clear from the amended complaint that [plaintiffs were] referring to the same individual[s]. Consequently, no 'new' party was added." Id. at 214. Here, the original complaint "garbled the spelling" of Ologun's name and incorrectly named Assistant Warden Walker as Warden of GRVC. Id. But based on the specific details and allegations in the original complaint, the Court concludes that Ologun and Walker either knew or should have known that the original action would have been brought against them, but for a mistake of identity.

The fourth and final condition under Rule 15(c)(1)(C)—that (1) the second and third criteria discussed above must be fulfilled within the ninety-day period provided by Rule 4(m), and (2) the original complaint must have been filed within the limitations period—is also satisfied.[3] The latter requirement is satisfied because, as noted, the original complaint was filed within the one-year-and-ninety-days limitations period under § 50-i.

As to whether the second and third criteria under Rule 15(c)(1)(C) were fulfilled within the ninety-day period consistent with Rule 4(m), the inquiry is more fact-intensive.[4] Steve Kemp has sworn that on December 8, 2020, he served the original complaint and summons on "Captain Oghagbon" and the "Warden of GRVC" by delivery on "C.O. Morgan," their co-worker, at their actual place of business. (Doc 16, 17.) Susan Cortina has also sworn that on December 10, 2020, she mailed true copies of the original complaint and summons to "Captain Oghagbon" and the "Warden of GRVC" at the New York City Department of Correction ("NYCDC") address in East Elmhurst, New York via first class mail. (Id.) The record does not

---

[3] Rule 4(m), Fed. R. Civ. P. requires service of defendants within ninety days after the complaint is filed.
[4] Ologun and Walker do not substantively discuss the final temporal requirement under Rule 15(c)(1)(C), and also do not provide factual allegations as to when they may have known about the original complaint. (See Doc 45, 59.) The Court analyzes the issue by reviewing the facts alleged in the parties' briefing and apparent from the record.

indicate that C.O. Morgan or the NYCDC refrained from taking the appropriate steps to get the pleading papers to Ologun and Walker, or that the mailed copies of the pleading papers were returned or otherwise failed to be delivered to Ologun and Walker.  See also Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) ("Normally, it is assumed that a mailed document is received three days after its mailing." (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 138 n.1 (1984)).  Ologun and Walker, however, deny that they received actual service on December 8, 2020, and do not discuss when they actually received copies of the original complaint and summons, noting only that Villalobos and Martinez have not "offered any proof that the individual defendants had actual notice of this lawsuit as of December 17, 2020." (Doc 45 at 10 n.7.)  The Court therefore refers to additional parts of the record to determine whether this temporal requirement under Rule 15(c)(1)(C) has been satisfied.

First, counsel for the City—the real party in interest as emphasized by Ologun and Walker and as recognized by New York case law applying § 50-i to suits against city employees—received and reviewed the original complaint as early as December 15, 2020, less than one month after the original complaint was filed on November 19, 2020 and served on the City on December 1, 2020.  (Doc 14.)  Second, in the December 15, 2020 letter submitted to the Court, counsel for the City represented that it planned to "conduct an investigation into the underlying facts," including "conducting discussions with the many City employees who may have knowledge of the events" and "identify[ing] City employees who were witnesses to the alleged incident."  (Doc 14 at 1-2.)  In this same letter, counsel for the City also confirmed that separate from the instant litigation, there was already "an open internal investigation of the alleged incident," indicating that the City had already begun investigating and had likely been in contact with Ologun and Walker, who were two of the four central figures in the allegations of

6

the original complaint and Amended Complaint. (Id. at 2.) Third, on December 17, 2020, counsel for City emailed counsel for plaintiffs with the individual defendants' full names, shield numbers and service addresses, specifically including "Captain Oladapo Ologun," and "Deputy Warden Sharlisa Walker," in addition to "Captain Paul Smith" and "CO Durrell Small," who had already been named in the original complaint. (Doc 40-1.)

In this context, the Court concludes that the second condition of Rule 15(c)(1)(C)—that the parties to be added received notice such that they will not be prejudiced in maintaining their defense—was satisfied within ninety days of the filing of the complaint as required under Rule 4(m), specifically, when the City, the real party in interest, confirmed that it had been served with and had reviewed the original complaint. The Court also concludes that the third condition of Rule 15(c)(1)(C)—that the parties to be added knew or should have known that, but for a mistake of identity, the original action would have been brought against them—was also satisfied within ninety days of the filing of the complaint. As noted by the City's own submissions in its December 15, 2020 letter to the Court and its December 17, 2020 e-mail to plaintiffs' counsel, the City (1) emphasized that it would be investigating and interviewing individuals implicated by the original complaint, (2) confirmed that there was *already* an ongoing internal investigation regarding the same incident; and (3) confirmed via e-mail, just two days after its December 15, 2020 letter to the Court, its knowledge that the true names of "Captain Oghagbon" and "Warden of GRVC" were "Captain Ologun" and "Deputy Warden Sharlisa Walker," respectively. Given this, the Court concludes that Ologun and Walker—with whom the City's counsel appears to have spoken for purposes of the City's factual investigation and her eventual appearance as their counsel—either knew or should have known by around December 17, 2020, within the ninety-day period set forth under Rule 4(m), that the original

7

action would have been brought against them, but for the plaintiffs' mistake regarding their identity.

Accordingly, the Amended Complaint naming Ologun and Walker satisfies the requirements of Rule 15(c)(1)(C), Fed. R. Civ. P., and relates back to the original complaint, which was timely filed on November 19, 2020 within the statute of limitations pursuant to § 50-i.

The Court also notes that if the body of limitations law that provides the applicable statute of limitations—here, New York state law—"affords a more forgiving principle of relation back than the one provided in [Rule 15(c)], it should be available to save the claim." Hogan, 738 F.3d 509, 518 (2d Cir. 2013) (citing Rule 15(c), Fed. R. Civ. P.).  For the reasons noted, the Amended Complaint satisfies Rule 15(c)(1)(C), and thus does not need saving.  But as an additional ground for relation back, "[a]s codified in New York's Civil Practice Law and Rules, what is commonly referred to as the relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest.'"  Buran v. Coupal, 87 N.Y.2d 173, 177 (1985) (citing N.Y. C.P.L.R. § 203).

Specifically, there are "three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another:" (1) both claims must have arose out of the same conduct, transaction or occurrence; (2) the new party must be united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well. Id. at 179.  Similar to Rule 15(c)(1)(c), Fed. R. Civ. P., the New York state rule

does not require that the plaintiffs' mistake be "excusable," as such a qualifier "shifts the focus away from the primary question of whether the new party had actual notice of the claim." Id. at 180 (citing Schiavone v. Fortune, 477 U.S. 21 (1986) and Virelli v. Goodson-Todman Enters., 142 A.D.2d 479 (3d Dep't 1989)).  For the reasons discussed above, these requirements under N.Y. C.P.L.R. § 203 are satisfied.  As to the New York-specific requirement that the new party be united in interest with the original defendant, this condition is satisfied because, as noted, the City, as the employer required to indemnify its employees Ologun and Walker, is the "real party in interest" in this litigation.

Accordingly, the conclusion of the Court in its May 16, 2022 Opinion and Order—that the state law claims against Ologun and Walker are not time-barred under New York General Municipal Law § 50-i—remains unaltered and the motion for reconsideration will be denied.[5]

CONCLUSION

After consideration of all the arguments of the parties, including those not expressly referenced, Walker and Ologun's motion for reconsideration is DENIED.  The Clerk is respectfully directed to terminate the motion (Doc 53).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 12, 2022

---

[5] As the respondeat superior issue is unnecessary for adjudication of the instant motion, the Court declines to address it.