UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JORGE VILLALOBOS AND CINDY MARTINEZ,

                              Plaintiff,

-against-

CAPTAIN SMITH, CAPTAIN OLOGUN, DEPUTY
WARDEN SHARLISA WALKER, OFFICER SMALL,
CITY OF NEW YORK, AND JOHN AND JANE DOE 1-
10,

                              Defendants.

------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND** ~~**PROPOSED**~~ **PROTECTIVE ORDER**

20 CV 09736 (PKC)

        **WHEREAS**, defendants City of New York, Oladapo Ologun, Sharlisa Walker, and Durrell Smalls (hereinafter collectively "Defendants") anticipate that, in connection with the above-captioned matter, they will produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, Defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants, as follows:

        1.       This Action shall mean <u>Jorge Villalobos, et al. v. Captain Smith, et al.</u>, 20 CV 09736 (PKC), currently pending in the Southern District of New York;

2. "Confidential Materials" shall mean (a) the personnel records of any defendant, (b) the records of internal investigations conducted by the New York City Department of Correction or other City agencies, and (c) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to the other parties. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from non-parties. Defendants reserve the right to designate any document as "Confidential Materials" pursuant to this Stipulation and Protective Order, if necessary, after production of such documents to the other parties to this litigation.

4. Any document produced by a non-party pursuant to a subpoena in this Action and that is designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

5. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or other basis for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any document or information contained therein during any proceeding in this litigation or otherwise.

6. Any party who receives the Confidential Materials in discovery in this action and that party's attorneys shall not use the Confidential Materials for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action.

7. Attorneys for a party who receives the Confidential Materials in discovery in this action shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in this action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of this action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), counsel for the party receiving the Confidential Materials shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this action and not to make further disclosure of the Confidential Materials, except in testimony taken in this action. The attorneys for a receiving the Confidential Materials in discovery in this Action who make such disclosure shall retain the signed consent and furnish a copy to Defendants' counsel upon request at a deposition or immediately before trial, although the name of an expert that the party receiving the Confidential Materials does not intend to call as a trial witness may be redacted from such a consent before it is produced.

8. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

3

together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. Defendants' counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Materials either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential Materials," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel. In order to effectuate the purpose of subsection (b), all parties are to hold the transcript as confidential until Defendants have had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

10. If a party receiving the Confidential Materials objects to the designation of any particular Confidential Materials, counsel shall state such objection in writing to counsel for the City and all other counsel, and counsel shall in good faith attempt to resolve such objection. If the objection cannot be resolved, then, within fifteen (15) days of receiving Defendants' response to plaintiffs' objections, plaintiffs shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials in keeping with the District Judge's Individual Rules of Practice and the District Court rules applicable to filing under seal.

12. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum or law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13. Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

14. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

15. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendant City of New York's attorneys or, upon such attorneys' consent, destroyed (except as to privileged material, which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant City of New York's attorneys. Notwithstanding this provision, all parties who have received the Confidential Materials in discovery may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

16. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation or thereafter.

18. This Stipulation and Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Stipulation and Protective Order.

Dated: August 9, 2022
New York, New York

THE JACOB D. FUCHSBERG LAW
   FIRM, LLP
3 Park Avenue, 37th Floor
New York, New York 10016
(212) 682-8811

By: _____
Jaehyun Oh
*Attorneys for Plaintiffs*

FRANKIE & GENTILE, P.C.
1527 Franklin Avenue, Suite 104
Mineola, New York 11501
(516) 742-6590

By: _____
James G. Frankie
*Attorneys for Defendant Captain Smith*

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City
   of New York
100 Church Street
New York, New York 10007
(212) 356-2355

By: _____
Susan P. Scharfstein
*Attorney for Defendants Oladapo Ologun, Sharlisa Walker, Durell Smalls, and City of New York*

SO ORDERED:

_____
P. Kevin Castel
United States District Judge

Dated: New York, NY
      08/09/2022

7

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated _____, 2022, in the action titled <u>Villalobos, et al. v. Smith,</u> 20 CV 09736 (PKC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                             Signature

                                 _____
                                 Print Name

                                 _____
                                 Occupation

8